IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES NEWMAN,<br><br>           Petitioner,<br><br>    vs.<br><br>M. CASTELLAWS, Warden,<br><br>           Respondent. | No. C 06-03407 JW (PR)<br><br>ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS |

Petitioner, a state prisoner currently incarcerated at the Folsom State Prison in Represa, California, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a prison disciplinary hearing at Pelican Bay State Prison ("PBSP") that resulted in the forfeiture of good time credits. Finding the petition stated a cognizable claim under § 2254, the Court ordered respondent to show cause why the petition should not be granted. Respondent filed an answer, and petitioner filed a traverse.

**BACKGROUND**

On April 22, 2005, while petitioner was incarcerated at PBSP, prison officials were collecting DNA samples and palm prints in accordance with Proposition 69

Order Denying Petition for a Writ of Habeas Corpus
P:\PRO-SE\SJ.JW\HC.06\Newman03407_denyHC.wpd

which required that inmates convicted of a felony or any sex or arson offense provide DNA samples, including a Buccal swab sample and thumb and palm print/impressions. The notice to inmates, which was posted in various sections of the prison, notifying them of the mandatory submission of DNA samples stated: "[I]f you have recently provided a DNA sample(s) or palm print, it may not be on file with the Department of Justice, and you will be required to submit a DNA sample(s) at this time." (Resp't Ex. 4 at 3.) Petitioner's name was on a list which identified that the Department of Justice did not have his palm print on file. (Resp't Ex. 4 at 2.) Petitioner agreed to submit to the DNA testing, but after providing a saliva sample, refused to provide right and left palm prints. (Pet. 1.) Petitioner told Correctional Officer Tackett that he had already provided both palm prints when he was first committed and that the prints were already in his central file. Id. When the officer again instructed petitioner to provide the palm prints, petitioner refused. Id. Petitioner was then ordered back to his cell. Id. On April 29, 2005, petitioner was issued a CDC Form 115 Rules Violation Report ("RVR") charging him with refusing to comply with § 296.[1] (Pet. Ex. A at 1.)

Prior to the hearing held on May 3, 2005, petitioner was provided with notice of the hearing and the charges against him. (Pet. Ex. A at 2.) At the hearing, petitioner pled not guilty, but based on the evidence presented, including the RVR, petitioner's own testimony, and the fact that petitioner had prior notice of § 296 as amended, petitioner was found guilty of the charged offense and assessed a sixty day forfeiture of good time credits. Id. No investigative employee ("IE") was assigned to petitioner's case, and no staff assistant was assigned to petitioner at the hearing.[2] Id. Petitioner requested several witnesses, including the reporting officer, at the

---

[1] Proposition 69 amended California Penal Code §§ 295 and 296.

[2] A staff assistant was not assigned because petitioner spoke English, was literate, and petitioner confirmed that staff assistance was not necessary. (Pet. Ex. A at 3.)

Order Denying Petition for a Writ of Habeas Corpus
P:\PRO-SE\SJ.JW\HC.06\Newman03407_denyHC.wpd         2

1  hearing. Id.

2  Petitioner administratively exhausted his remedies through the prison appeals process. Petitioner's state habeas petition was summarily denied by the California Supreme Court on April 26, 2006. (Pet. Ex. F.) Petitioner filed the instant federal petition on May 25, 2006.

**DISCUSSION**

A. Standard of Review

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Jodges, 423U.S. 19, 21 (1975). A claim which, if successful, would result in the restoration of time credits is properly brought in habeas because success on such claims could result in the inmate's earlier release from prison.

B. Petitioner's Claims

Petitioner claims the following constitute due process violations at his disciplinary hearing as grounds for federal habeas relief: 1) he was denied the right to have witnesses appear in his defense; 2) he was denied his right to cross examine a witness appearing against him; 3) he should have been assigned an IE to assist in gathering information since petitioner was under housing restrictions which prevented him from gathering his own information; 4) petitioner had no notice of Proposition 69 which mandated the submission of DNA samples and palm print impressions for all felons; and 5) the hearing officer failed to inquire whether petitioner's palm prints were already documented in PBSP case record. Of these five claims, claims 1, 2, and 3 allege violations of procedural due process mandated by Wolff v. McDonnell, 418 U.S. 539 (1974).

1– 3. Due Process

Due process requires five procedural protections in connection with prison discipline that results in the forfeiture of time credits. Wolff, 418 U.S. at 556. First, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." Id. at 564. Second, "at least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the [disciplinary committee]." Id. Third, "there must be a 'written statement by the factfinders as to the evidence relied on and reasons' for the disciplinary action." Id. (quoting Morrissey v. Brewer, 408 U.S. 471, 489 (1972)). Fourth, "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Id. at 566. Fifth, "[w]here an illiterate inmate is involved . . . or where the complexity of the issues makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or . . . to have adequate substitute aid . . . from the staff or from a[n] . . . inmate designated by the staff." Wolff, 418 U.S. at 570.

The record reveals, and petitioner does not dispute, that he received written notice of the charges well over 24 hours prior to the hearing and that there was a written statement as to the findings and reasoning of the disciplinary decision. (Pet. Ex. A at 3.) Therefore, the first three procedural protections under Wolff were satisfied in petitioner's case. See Wolff, 418 U.S. at 564.

Petitioner's first two claims regarding witnesses arise under Wolff's fourth requirement that a prisoner should be allowed to call witnesses in his defense. Id. However, the right to present a defense is not absolute and prison officials retain "the necessary discretion to keep the hearing within reasonable limits." Id. The record shows that petitioner requested four staff members as witnesses for the hearing, including Officer Tackett, the reporting officer who issued the RVR. (Pet.

Order Denying Petition for a Writ of Habeas Corpus
P:\PRO-SE\SJ.JW\HC.06\Newman03407_denyHC.wpd        4

1 Ex. A. at 2.) Petitioner's request for Officer Tackett to be called as a witness was
2 granted. Id.  When asked what anticipated testimony the other staff members would
3 give, petitioner responded that they would testify that he was not provided with
4 adequate information prior to the DNA testing. Id.  Under the authority of 15 Cal.
5 Code Regs. § 3315(e)(1)(B), the senior hearing officer ("SHO") denied the request
6 for the remaining witnesses based on his conclusion that their anticipated testimony
7 was not relevant to the issues of the hearing. Id.

8       These first two of petitioner's claims are without merit.  Petitioner was
9 permitted to have the reporting officer as a witness as he requested in accordance
10 with Wolff. See 418 U.S. at 564.  While the eye-witness testimony of the reporting
11 officer is highly relevant to the issue of whether or not petitioner failed to submit
12 palm prints as mandated by Proposition 69, the same cannot be said of the
13 anticipated testimony of the other three witnesses – that petitioner did not have
14 adequate information prior to the DNA testing.  There was sufficient evidence to
15 show that petitioner had notice of the DNA testing, and it is of no consequence
16 whether such information was "adequate."  The SHO's decision to deny petitioner's
17 request for three witnesses who would give irrelevant testimony was well within the
18 SHO's discretion to keep the hearing within reasonable limits. Id.  Accordingly, it
19 cannot be said that the SHO's denial of petitioner's request to call witnesses who
20 would give irrelevant testimony violated due process.  Petitioner's second claim that
21 he was denied his right to cross examine a witness appearing against him, namely
22 Officer Tackett, is without merit.  The Court specifically held that the Due Process
23 Clause does not require that prisons allow inmates to cross-examine their accusers,
24 see id. at 567-68.

25       Petitioner's third claim is that due process was violated when he was denied
26 his right to an IE to investigate his case as housing restrictions prevented petitioner
27 from gathering his own information.  Petitioner claims in his petition that an IE
28 should have been appointed in order to ascertain whether petitioner's palm prints

1 were already on file as he claimed.  <u>Wolff</u> states that whether an IE should be
2 appointed, which is the fifth procedural protection, depends on whether "an illiterate
3 inmate is involved... or whether the complexity of the issue makes it unlikely that
4 the inmate will be able to collect and present the evidence necessary for an adequate
5 comprehension of the case."  418 U.S. at 570.  The record shows that petitioner is
6 not illiterate, and that an IE was not initially assigned because the issues were not
7 complex and the available information was sufficient.  (Pet. Ex. A at 3.)  Unlike his
8 claim in the instant petition, at the hearing petitioner stated that he requested an IE to
9 question all the staff he had requested as witnesses.  The IE assignment was
10 ultimately denied because petitioner "failed to show an assigned IE would obtain
11 any additional, relevant information required for his defense or that his housing
12 restriction prevented [petitioner] from obtaining his own information."  <u>Id.</u>

13       Petitioner's claim that the failure to assign an IE to his case constitutes a
14 violation of due process is without merit.  Petitioner has failed to demonstrate how
15 he was unable to collect information on his own or that the information he would
16 have obtained through an IE was relevant to the disciplinary proceedings.  Petitioner
17 claimed at the hearing that he wanted the IE to question staff members and that the
18 anticipated testimony those staff members would have shown that petitioner did not
19 have adequate information prior to the DNA testing.  (Pet. Ex. A at 3.)  As discussed
20 above, the anticipated testimony of the uncalled witnesses was irrelevant to the
21 issues of the proceedings.  <u>See</u> *supra* at 5.  Therefore, it cannot be said that he was
22 denied due process by not having an IE appointed to assist in gathering irrelevant
23 testimony.  In the instant petition, petitioner claims that an IE was necessary to
24 ascertain whether his palm prints were already on file in PBSP.  However, whether
25 or not his palm prints were already on file did not excuse him from submitting new
26 samples as his information was not on file with the Department of Justice.  <u>See</u>
27 Resp't Ex. 2 at 5; <u>see also</u> *supra* at 2.  Consequently, petitioner was afforded all the
28 procedural due process mandated by Wolff.  <u>See</u> 418 U.S. at 570.

Order Denying Petition for a Writ of Habeas Corpus
P:\PRO-SE\SJ.JW\HC.06\Newman03407_denyHC.wpd      6

1  Additionally, the revocation of good-time credits does not comport with the
2  minimum requirements of procedural due process in Wolff unless the findings of the
3  prison disciplinary board are supported by some evidence in the record.
4  Superintendent v. Hill, 472 U.S. 445, 454 (1985).  The standard for the modicum of
5  evidence required is met if there was some evidence from which the conclusion of
6  the administrative tribunal could be deduced.  See id. at 455.  An examination of the
7  entire record is not required nor is an independent assessment of the credibility of
8  witnesses or weighing of the evidence.  See id.  The relevant question is whether
9  there is any evidence in the record that could support the conclusion reached by the
10 disciplinary board.  See id.  The Ninth Circuit additionally has held that there must
11 be some indicia of reliability of the information that forms the basis for prison
12 disciplinary actions.  See Cato v. Rushen, 824 F.2d 703, 704-05 (9th Cir. 1987).
13  Here, the evidence of guilt consisted of a detailed statement by the reporting
14 officer who issued the RVR, petitioner's own testimony at the hearing, and the fact
15 that petitioner did have prior notice of the DNA testing.  (Pet. Ex. A at 4.)  The
16 officer testified that all inmates, including petitioner, were given notice of the
17 mandatory submission of DNA samples and palm prints, and that when the officer
18 ordered petitioner to comply,  petitioner refused by stating, "They already have my
19 palm prints and they do not need them again and I do not want to sign anything."  Id.
20 Furthermore, petitioner admitted at the hearing that he had not complied: "Had I
21 been provided with all of the application information requiring submission of the
22 test, I would have complied."  Id.  Finally, the record shows that petitioner, contrary
23 to his claim, had prior notice of the mandatory testing; according to the second level
24 review of petitioner's appeal on RVR at issue, petitioner admitted that he had seen
25 the notice, which he described as a typed note with no signature which, "[s]omebody
26 just typed... on their computer...." (Resp't Ex. 4 at 1.)  Accordingly, there was
27 sufficiently reliable evidence to find petitioner guilty of the charged offense to
28 satisfy the requirements of due process.  See Hill, 472 U.S. at 454.

        4– 5.   <u>Remaining Claims</u>

Petitioner's fourth claim that he had no prior notice of Proposition 69 is without merit. As discussed in the paragraph above, petitioner admitted that he saw the notice of the mandate under Proposition 69 that all felons would be required to submit DNA samples and palm prints. (Resp't Ex. 4 at 1.)

Petitioner's fifth claim that the SHO failed to inquire whether petitioner's palm prints were already documented in PBSP case record is without merit. The notice to the inmates stated in part, "However, if you have recently provided a DNA sample(s) or palm print, it may not be on file with the Department of Justice, and you will be required to submit a DNA sample(s) at this time." (Resp't Ex. 4 at 3; Resp't Ex. 5 at 1.) Accordingly, petitioner was required to submit new samples even if petitioner's palm prints were already on file in PBSP because his prints were not on file with the Department of Justice. <u>See</u> Resp't Ex. 2 at 5; <u>see also</u> *supra* at 2.

Because the procedural protections set forth in <u>Wolff</u>, 418 U.S. at 556, were met in this case, and the discipline was supported by "some evidence," <u>see</u> Hill, 472 U.S. at 454, there was no violation of petitioner's right to due process. Accordingly, petitioner is not entitled to habeas relief on any of the claims presented in the instant petition.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED on the merits. The clerk shall terminate any pending motions.

DATED: November 21, 2007



JAMES WARE
United States District Judge